IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTT RAY LANGLEY                                                                                      PLAINTIFF

v.                                          Civil No. 2:21-CV-02011

TIARA RAMBO                                                                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff is incarcerated in the Sebastian County Detention Center ("SCDC"). Plaintiff filed his Complaint and *in forma pauperis* ("IFP") application on January 12, 2021. (ECF Nos. 1, 2). That same day, the Court entered an Order directing Plaintiff to file a completed IFP application and an Amended Complaint by February 2, 2021. (ECF No. 3). Plaintiff did so on January 29, 2021, and he was granted IFP status on February 1, 2021. (ECF Nos. 5, 6, 7).

1

Plaintiff alleges that Defendant Rambo violated his right to medical privacy under the Fourteenth Amendment when she took pictures of his penis with her personal smartphone. (ECF No. 5 at 4). A review of Plaintiff's attached grievances and statement provide additional context for this claim. Plaintiff filed a medical request for a nurse visit on October 25, 2020, because the domino pieces he had inserted under the skin of his penis were causing him discomfort and difficulty with urination.[1] (*Id.* at 10). He was seen by Nurse Rambo, who took pictures of the affected area with what Plaintiff states was her personal cell phone and then showed the photos to another officer at SCDC who was apparently in the examination area. (*Id.* at 12). It is Plaintiff's "suspicion"[2] that the photos were not used for the intended purpose of medical treatment because he never received any feedback or treatment orders from a physician. (*Id.* at 13). He filed a medical grievance on January 21, 2021, stating:

> Back in October I requested a med call due to complications arising from dominoes in my penis. Those pictures were taken on a personal phone and I havent heard a peep from a doctor or medical professional regarding those pics or my issues, which I am still suffering from. Why did Ms Rambo take those pics with her personal phone?

(*Id.* at 9) (text converted from all capitals). No grievance reply was apparent in his submissions to the Court. Plaintiff states that he is in "constant fear" that the pictures have been placed on cloud servers and shared with the police and people he knows, or that his family could see the pictures. (ECF No. 7, 13).

Plaintiff proceeds against Nurse Rambo in both her official and personal capacities. (*Id.* at 4). He seeks compensatory damages. (*Id.* at 7).

---

[1] Plaintiff does not indicate if this insertion took place prior to or during his incarceration at SCDC.
[2] The actual word used was spelled as "suspision," which the Court interpreted as "suspicion."

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that:  (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff fails to state a plausible Fourteenth Amendment claim.  The courts have recognized a constitutionally protected right of individuals to avoid disclosure of personal matters, including medical information.  This right has been variously characterized as the right to confidentiality or the right to privacy. *See, e.g., Cooksey v. Boyer*, 289 F.3d 513, 515-516 (8th Cir. 2002).  However, as pointed out by the Eighth Circuit in *Cooksey* "[n]ot every disclosure of personal information will implicate the constitutional right to privacy." *Id*. at 516.  It had "consistently held that to violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining

3

the personal information." *Id*. (citations and internal quotation marks omitted). This right extends to medical test results, medical records, and medical communications. *See Ferguson v. City of Charleston*, 532 U.S. 67, 78 (2001) (individuals have a reasonable expectation of privacy in medical test results and that those results will not be shared with non-medical personnel without the patient's consent).

With respect to those who are detained, it has been held that although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472 (1995). Courts have addressed the issue of the right to privacy of medical information in the prison context. For example, in *Doe v. Delie*, 257 F.3d 309 (3rd Cir. 2001), the Third Circuit held that "the Fourteenth Amendment protected an inmate's right to medical privacy, subject to legitimate penological interests. ... Moreover, a prisoner's right to privacy in this medical information is not fundamentally inconsistent with incarceration." *Id*. at 311, 317. This right is not co-extensive to that of free citizens. *Id*. Instead, the right is subject to substantial restrictions. *Id*.; s*ee also Cooksey*, 289 F.3d at 515-16 (while the right to privacy exists, not every disclosure of personal information will implicate the constitutional right to privacy); *Beers v. Stockton*, 242 F.3d 373 (8th Cir. 2000) (unpublished per curiam) (privacy rights not violated when release of medical information was for purposes of continuity of care and related to penological concerns); *Haid. v. Cradduck*, Civil No. 14-5119, 2015 WL 13736232 (W.D. Ark. Dec. 21, 2015) (conclusory allegation that a nurse passed on more information than necessary to a deputy concerning inmate's testicular condition and his right to continued bed rest was "too tenuous" to proceed.).

4

Here, Plaintiff requested a nurse visit for an apparently self-inflicted condition affecting his penis, and, as part of that nurse's examination, photos of the condition and affected area were taken.  Plaintiff does not allege that these photographs were published to others; instead, he is merely "suspicious" that the photos were taken for some purpose other than medical documentation.  He bases this suspicion solely on the fact that he has not received any response from a doctor or other medical professional regarding his condition.  He also alleges the photos were shown to an officer who was at the medical area during his examination.  He does not indicate if this officer was medical staff or if the officer needed information concerning his condition for legitimate administrative reasons, such as a work exemption or other accommodation.  Nor does he allege that the officer gratuitously passed on information about his medical condition to other SCDC staff or SCDC inmates.  Further, the Court notes that Plaintiff freely provided a detailed and graphic description of his penile condition in his medical grievance.  Thus, nothing in Plaintiff's allegations supports the inference of a shocking degradation or an egregious humiliation.  Plaintiff has, therefore, failed to allege sufficient facts to support a plausible claim for violation of his medical privacy under the Fourteenth Amendment.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.  The dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of February 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE